**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

BALJINDER SINGH,

      Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

      Respondent.

---

No. 22-447

Agency No.
A201-431-944

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT, District
Judge.***

Petitioner Baljinder Singh, a native and citizen of India, petitions this

court for review of an order of the Board of Immigration Appeals ("BIA")

upholding the denial by the Immigration Judge ("IJ") of his application for

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge
for the District of Maryland, sitting by designation.

asylum.[1]  We hold that the agency's adverse credibility determination is supported by substantial evidence and deny the petition.

We review adverse credibility determinations for substantial evidence. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).  Because the BIA adopted and affirmed the IJ's adverse credibility determination, we review the "IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (quoting *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004)).

The IJ's finding that Singh was not credible in light of inter-proceeding similarities in personal accounts of persecution, internal inconsistencies between his testimony and the declarations he submitted, his non-responsiveness, and his failure to adequately corroborate his claim is supported by substantial evidence.  *See* 8 U.S.C. § 1229a(c)(4)(C) (explaining that the IJ may, considering the totality of the circumstances, "base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . ., the consistency of such statements with other evidence of record . . ., or any other relevant factor").

---

[1] Singh also applied for withholding of removal and protection under the Convention Against Torture.  The BIA affirmed the IJ's denial of both of those forms of relief, but Singh does not appear to challenge those parts of the BIA's decision here.

When considering the inter-proceeding similarities, the IJ followed the procedural framework established in *Matter of R-K-K-*, 26 I. & N. Dec. 658 (B.I.A. 2015), and reasonably concluded that there was a suspicious degree of similarity between Singh's story and the stories of three other asylum applicants that Singh could not explain, raising the specter of a fabricated asylum claim.[2] *See id.* at 661 (explaining that the IJ must (1) give the petitioner notice of the perceived significant similarities, (2) afford the petitioner a reasonable opportunity to explain them, and then (3) consider these similarities in light of the totality of the circumstances).

Here, the IJ first gave Singh meaningful notice of the significant similarities and provided Singh's counsel with copies of the declarations from the three proceedings containing similar narratives. The IJ reasonably concluded that the similarities between Singh's narrative and the three other narratives are overwhelming. All four petitioners described two attacks in common: the first involving kicking and slapping by four people while the petitioner was hanging Mann Party posters and ending when people from nearby homes came to the rescue, and the second involving a beating with sticks

---

[2] Singh does not challenge the premise that similarities between personal accounts of persecution can raise suspicion about fabrication, nor does he contest the framework established in *Matter of R-K-K-* for evaluating inter-proceeding similarities. He argues only that the similarities between his case and the other proceedings at issue are insufficient to warrant an adverse credibility finding because his declaration's language and grammatical structure are not identical to those in the declarations from the other proceedings.

while the petitioner was going home after a wedding orchestrated by the Mann Party for charity and ending when farmers working in nearby fields came to the rescue.

The IJ afforded Singh a continuance from the hearing to consider these similarities and held a second hearing during which Singh was given an opportunity to explain them. But the IJ determined that Singh was unable to provide a satisfactory explanation. Substantial evidence supports the conclusion that these similarities—among several other shared details—could not have plausibly resulted from a common practice of persecution.

The IJ did not rely on these similarities alone, however; the adverse credibility determination was appropriately based on the totality of the circumstances. The IJ evaluated the potential corroborative evidence but found suspicious similarities between the third-party declarations Singh submitted. The IJ also considered the inconsistencies between Singh's testimony and his declaration, which Singh was unable to explain, and his non-responsiveness. The record as a whole thus does not compel us to reach a contrary conclusion regarding Singh's credibility.

Without credible testimony, there is insufficient evidence to support Singh's asylum claim, so we deny the petition for review. *See Loho v. Mukasey*, 531 F.3d 1016, 1019 (9th Cir. 2008) (holding that, in light of the adverse credibility finding, the evidence was insufficient to compel a finding of past persecution or well-founded fear of future persecution).

4

**Petition DENIED.**